David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorneys for Plaintiff
Mark Bentley

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Mark Bentley | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Thunderbird Collection Specialists, Inc. | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Mark Bentley, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Thunderbird Collection Specialists, Inc., ("Defendant"), with regard to their conduct in the wrongful collection of an alleged debt from Plaintiff and the inaccurate reporting of said debt on Plaintiff's credit report, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

10. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Show Low, State of Arizona.

14. Plaintiff is a Sergeant with the United States Marine Corp.

15. Defendant is located in the City of Scottsdale, in the State of Arizona.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Defendant is also a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

**FACTUAL ALLEGATIONS**

20. Sometime in February 2008, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime thereafter, but before June 2013, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

23. Plaintiff currently disputes the validity of this alleged debt.

24. Subsequent to the default, but before June 5, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

25. On or about June 5, 2013, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. On or about June 17, 2013, Defendant called Plaintiff and left Plaintiff a voicemail. In this voicemail, Defendant failed to identify the name of his company.

28. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

29. In this voicemail, Defendant also failed to disclose that the communication was from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

30. On or about June 26, 2013, Defendant left Plaintiff another voicemail. Defendant again failed to disclose that the communication was from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

31. On or about October 5, 2013, Defendant left Plaintiff another voicemail. Defendant again failed to disclose that the communication was from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

32. In December of 2013, Plaintiff spoke to Defendant's agent Brian Marshall. During this conversation, Defendant's agent was very rude and hostile, which included making threats that Defendant was going to "come after," Plaintiff, and, "begin legal actions."

33. During this conversation Defendant's agent would not answer Plaintiff's questions nor tell him what the debt was for.

34. Plaintiff then requested that Defendant not call Plaintiff again and Plaintiff then hung up.

35. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

36. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

37. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

38. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

39. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

40. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

41. On or about January 9, 2014, Defendant's agent Brian Marshall called Plaintiff's employer. Plaintiff is unaware of the content of the entire message or conversation, but at a minimum, Defendant left a voicemail with Captain Chris G. Roy, and during this communication, Defendant disclosed they were a collection agency and requested Plaintiff return their call.

42. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

43. On or about January 10, 2014, Defendant's agent Brian Marshall again called Plaintiff's employer.

44. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's

attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

45. As a result of Defendant's third party disclosure, Plaintiff's supervisor was instructed to speak to Plaintiff regarding the phone call. Plaintiff considered this a verbal reprimand, and was extremely embarrassed and humiliated by this. Furthermore, Plaintiff is concerned this has damaged his professional reputation.

46. On or about January 10, 2014, Plaintiff sent to Defendant a letter in which Plaintiff advised Defendant that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

47. On the morning of January 13, 2014, Plaintiff received confirmation that Defendant received Plaintiff's letter.

48. Later that same day, despite receiving Plaintiff's letter, Defendant called and left a voicemail for Plaintiff's wife.

49. Consequently, Defendant violated 15 U.S.C. § 1692c(c).

50. In this voicemail, Defendant also failed to disclose that the communication was from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

51. On or about On January 17, 2014 Plaintiff was able to call AHCCCS regarding the underlying debt Defendant was attempting to collect. AHCCCS confirmed to Plaintiff that Plaintiff was covered under their insurance and that a claim was never filled by Summit Healthcare the original creditor.

52. AHCCCS confirmed to Plaintiff he was not responsible for the alleged debt.

53. Therefore, Plaintiff did not, and does not owe the alleged debt being collected by Defendant.

54. Therefore Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

55. Plaintiff subsequently learned that Defendant had incorrectly reported the alleged debts on his credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

56. Specifically, Defendant had reported the debt as being owed by him when in fact it is not, to the credit reporting agencies ("CRAs"), with a balance owed, as well as reported that the account was past due.

57. On or about January 29, 2014, Plaintiff disputed the accounts pursuant to 15 U.S.C. § 1681i(a)(2) by notifying all three credit report agencies, in writing, informing them of the incorrect entries including the fact that a balance was no longer owed.

58. Subsequently Plaintiff received notification from CRA Experian that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Defendant had reported the alleged debt was owed by Plaintiff with a past due balance.

59. Subsequently Plaintiff received notification from CRA Trans Union that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Defendant had reported the alleged debt was owed by Plaintiff with a past due balance.

60. Plaintiff believes that Defendant, upon receiving notice of their alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

61. Plaintiff believes further believe that Defendant failed to review all relevant information provided by Plaintiff in his dispute to CRAs as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

62. Due to Defendant's failure to investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendant to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

63. Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant and the pertinent CRAs was fruitless.

64. Defendant's continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

65. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

66. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

67. By reporting the alleged debt on Plaintiff's credit report, and by still insisting to Plaintiff that the alleged debt was still valid and due, Defendant was attempting to collect the alleged debt.

68. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

69. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

70. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

71. This action by Defendant was an attempt to collect an amount not owed, not authorized by the agreement, nor permitted by law and it therefore violated 15 U.S.C. § 1692f(1).

72. On or about February 17, 2014, Defendant sent Plaintiff a letter. In this letter Defendant included an amount due of $12574.35.

73. Because Plaintiff had previously advised Defendant that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c), Defendant's February 17, 2014 letter was a violation of 15 U.S.C. § 1692c(c).

74. By still insisting to Plaintiff that the alleged debt was still valid and due, Defendant was attempting to collect the alleged debt.

75. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

76. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

77. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

78. This action by Defendant was an attempt to collect an amount not owed, not authorized by the agreement, nor permitted by law and it therefore violated 15 U.S.C. § 1692f(1).

79. Defendant's actions caused Plaintiff actual damages to be suffered by Plaintiff including a possible loss of a job opportunity, harm to his professional reputation, and possibly compromising future security clearances.

80. Defendant's actions also caused Plaintiff to suffer emotional distress and mental anguish type damages which manifested in symptoms including but not limited to: stress, anxiety, worry, sleeplessness, hopelessness, pessimism, frustration, embarrassment, and humiliation all affecting his personal and professional relationships as well as impacting his job.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

81. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

82. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

83. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. §§ 1681 ET SEQ.

84. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.



85. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

86. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

## COUNT III

## INVASION OF PRIVACY

## INTRUSION INTO PRIVATE AFFAIRS

87. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

88. Plaintiff had a reasonable expectation of privacy while some of the above conduct took place.

89. Defendant intentionally intruded into this expectation of privacy.

90. Defendant intrusion would be highly offensive to a reasonable person.

91. Plaintiff was harmed.

92. The conduct of Defendant was a substantial factor in causing Plaintiff this harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Special, general, compensatory and punitive damages.

93. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: April 11, 2014                    By: */s/ David J. McGlothlin*
                                        David J. McGlothlin
                                        Attorneys for Plaintiff